FILED
2017 Apr-27  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RODERICK HOLT** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **JEFFERSON COUNTY** | ) | **JURY DEMAND** |
| **COMMITTEE FOR ECONOMIC** | ) | |
| **OPPORTUNITY,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I.    NATURE OF THIS ACTION

1.    Plaintiff brings this action to redress failure to pay him overtime wages in violation of the Fair Labor Standards Act.  Specifically, the Plaintiff, Roderick Holt, brings this action for injunctive relief, backpay, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq*.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

3.    Venue is proper in the Northern District of Alabama, Southern Division

pursuant to 28 U.S.C. § 1391(b) and (c).

## III. PARTIES

4. Plaintiff, Roderick Holt, is a male citizen of the United States over the age of majority and a resident of the State of Alabama.

5. Defendant, Jefferson County Committee for Economic Opportunity (hereinafter referred to as "JCCEO" or "Defendant") is an entity subject to suit under the FLSA.

## IV. FACTS

6. Plaintiff worked for JCCEO for nearly eight years, from November 9, 2009 until Defendant terminated him on April 6, 2017.

7. JCCEO is a the community action agency for Jefferson County, Alabama that according to its mission statement, "seeks to reduce poverty and help low-income citizens of Jefferson County, Alabama to meet critical needs and become self-sufficient."

8. In that role, JCCEO works with the Head Start program for children and other programs for disadvantaged seniors.

9. Plaintiff held the job title of Transportation Manager, and in that job he would coordinate the schedules of van drivers and small busses, coordinate vehicle maintenance, handle accidents and handle out of service vehicles, purchase

items from Sam's for vending machines, performed minor repair work on vehicles and spent a few hours a day driving.

10.   Plaintiff did not supervise, manage, hire or fire employees during his employment.

11.   All of the work Plaintiff handled concerned the transportation of individuals in Jefferson County Alabama, primarily transporting children to Head Start programs, adults to community service programs, and delivering mail to the board of directors.

12.   Defendant paid Plaintiff as an hourly employee at the rate of $13.85 an hour, and if Plaintiff did not work an hour, he was not paid for that hour unless he used his annual vacation or sick time to cover that time.

13.   Plaintiff worked between fifty (50) and sixty (60) hours a week, but he was only paid for forty (40) hours a week, and he was not paid overtime for any hour he worked over forty (40) hours.

14.   Management was aware that Plaintiff worked over forty (40) hours a week without compensation for those overtime hours.

15.   Defendant willfully refused to pay Plaintiff for the time he work in excess of forty (40) hours a week.

16.   Defendant willfully violated the FLSA, and continues to do so, by failing to pay

Plaintiff an overtime premium rate of pay for work he perform in excess of forty (40) hours a week.

17.     Defendant willfully violated the FLSA, and continues to do so, by mis-classifying Plaintiff as exempt under the FLSA, without regard to the duties he performed.

## V.      CAUSES OF ACTION

## COUNT I – NON PAYMENT OF OVERTIME IN VIOLATION OF THE FLSA

18.     Plaintiff re-avers and incorporate paragraphs 1-17 above as if fully set forth herein.

19.     Throughout Plaintiff's employment, Defendant has willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiff to work, which  resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

20.     Throughout Plaintiff's employment, Defendant has willfully violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying any overtime compensation for this time.

21.     Throughout Plaintiff's employment, Defendant has willfully violated the FLSA by mis-classifying Plaintiff as exempt, without regard to the actual duties he

performed.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the FLSA.

2.   Awarding damages for Plaintiff, including compensation for unrecorded work time plus interest, post-judgment interest and liquidated damages, in an amount to be proven at trial;

3.   Awarding all costs of litigation, including expert fees and attorneys' fees and costs.

4.   Awarding such other legal and equitable relief as the Court deems proper.

**Plaintiff Demands a Trial by Struck Jury.**

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS LLC
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**<u>DEFENDANT' ADDRESS</u>**:

Jefferson County Committee for Economic Opportunity
c/o Smith, C H Erskine
300 Eighth Avenue West
Birmingham, AL 35204