

FILED

2019 Jun-06  PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RODERICK HOLT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | **CIVIL ACTION NO:** |
| | ) | **2:17-CV-00683-JHE** |
| JEFFERSON COUNTY | ) | |
| COMMITTEE FOR ECONOMIC | ) | |
| OPPORTUNITY, | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| DEFENDANTS. | | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

The Plaintiff, Roderick Holt ("Plaintiff"), and the Defendant, Jefferson County Committee for Economic Opportunity ("Defendant" or "JCCEO"), jointly move for Court approval of the Parties' Settlement Agreement, ("Agreement"), which represents a reasonable compromise of a disputed matter under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq.  In support of this motion, the Parties state as follows:

## I.    Factual Background

Plaintiff Roderick Holt was employed by Defendant as its Transportation Manager from around May 12, 2016 until his termination on or around April 6, 2017. In this position, Plaintiff was paid a salary and did not receive additional monetary

1

compensation for hours worked above forty hours per week. On April 27, 2017, Plaintiff filed the present lawsuit against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201 et. seq ("FLSA"), specifically failure to pay Plaintiff one and a half times his regular rate of pay for hours worked above forty hours per week during the three years prior to the date he filed his lawsuit. Defendant contended that in the Transportation Manager position, Plaintiff was properly classified as exempt from the overtime pay requirements of the FLSA. The Court denied Defendant's Motion for Summary Judgment on these issues. Thereafter, the parties reached a compromise settlement with the assistance of a mediator.

## II.   Memorandum of Law

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and employees. *Lynn's Food Stores v. United States Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Employees can settle claims brought under the FLSA in two ways.  First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353.  Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the

case in the instant action), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the court subsequently approves the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353 (noting that in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness."); *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has review terms of settlement agreement).

In detailing the reasons for court approval of an FLSA settlement, the Eleventh Circuit has stated as follows:

> [S]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores* 679 F.2d at 1354.

The Parties engaged in settlement discussions based on a fully developed record and with the assistance of the Court's analysis of the legal issues in its Memorandum Opinion denying summary judgment. The Agreement reflects a compromise of issues actually in dispute and was reached in an adversarial context in which Plaintiff was represented by competent and experienced counsel. The Parties vigorously disputed the merits of this case, with Plaintiff contending that Defendants violated the FLSA by failing to pay certain minimum wages and overtime wages for all hours Plaintiff worked, and Defendant disputing Plaintiff's factual allegations.

The parties vigorously disputed the amount of backpay potentially at stake. No definitive documentation exists showing the number of hours worked Plaintiff worked above forty each week. After analyzing the available documentation, Plaintiff concluded that the maximum amount of unpaid hours that Plaintiff worked during the liability period was an average of 9.29 hours per week. Defendant contended that Plaintiff worked no unpaid hours. The settlement represents a compromise between these two positions, fully compensating Plaintiff for 4.65 hours of unpaid overtime per week, with an equal additional amount of liquidated damages.

The Parties entered into this Agreement in recognition of the risks inherent in any litigation—specifically, for Plaintiff, the risk of no recovery, and for Defendants, the risk of an adverse verdict on the merits.  Because of these risks, the Agreement,

which provides for significant compensation to Plaintiff, as well as a payment of reasonable attorneys' fees and costs for prosecuting this matter, represents a fair and reasonable compromise. Finally, the Parties understand the terms of the Agreement and attest to the reasonableness of such terms.

Thus, because the Agreement represents a fair and reasonable compromise over a bona fide FLSA wage dispute, and was negotiated in good faith and at arms' length, the Court should approve the Agreement.

## III.   Agreement

The parties have agreed to a lump sum settlement which will compensate Plaintiff for 4.65 hours of overtime pay during each week of the liability period, plus an equal and additional amount of liquidated damages. The balance of the lump sum settlement will be allocated to pay Plaintiff's counsel a reasonable attorney's fee in an amount which is significantly below the lodestar amount his attorneys would potentially be entitled to if they were to obtain a judgment and apply to the Court for fees. The amount of fees is approximately equivalent to what Plaintiff's counsel would be entitled to under counsel's contingency fee contract with their client.

Although Defendants dispute Plaintiff's allegations concerning his entitlement to liquidated damages based on Defendants' lack of good faith, Defendants recognize the strong presumption in favor of liquidated damages awards and the risks inherent

in litigation.  See *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages.").

In further support of the Parties' joint request for judicial approval of the Agreement, Plaintiff submits that he is satisfied and will be reasonably compensated under the terms of the Agreement for the alleged unpaid back wages to which they claim to be entitled.  Further, the parties' counsel represents that: (a) their respective clients fully understand the Agreement, and (b) their respective clients have consulted with their counsel of record before agreeing to the Agreement and have entered into the Agreement knowingly and voluntarily.

## IV.    Conclusion

All Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees and costs.  Undersigned counsel for Parties affirm to the Court that they have the authority from their respective clients to settle on these specific terms, and that there are no other terms that have not been stated.  The Settlement Agreement is contingent on this Court's approval.

Respectfully submitted on this date, the 6th day of June, 2019.

/s/ Jon C. Goldfarb
Jon C. Goldfarb
L. William Smith
Christina Malmat

6

WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
The Kress Building
3011 9th Street North
Birmingham, Alabama 35203
Counsel for Plaintiff


/s/ C. Peter Bolvig
C. Peter Bolvig
Attorney for Defendant,
Jefferson County Committee for Economic
Opportunity
OF COUNSEL:
Whitaker, Mudd, Luke & Wells, LLC
2011 4th Avenue North
Birmingham, AL 35203
205-639-5300
pbolvig@wmslawfirm.com