# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RODERICK HOLT,**  )<br>  )<br>**Plaintiffs,**  )<br>  )<br>v.  )<br>  )<br>**JEFFERSON COUNTY COMMITTEE** )<br>**FOR ECONOMIC OPPORTUNITY,** )<br>  )<br>**Defendant.**  )<br>  ) | **CIVIL ACTION NO.**<br>**2:17-CV-00683-JHE** |

## PLAINTIFF'S MOTION TO APPROVE ATTORNEY FEES AGREED TO IN THE PROPOSED SETTLEMENT AGREEMENT DOC. 37-1

COME NOW, Counsel for Plaintiff, and hereby moves this Court to approve the attorney fees agreed to in the Joint Motion for Approval of Settlement (Doc. 33). As grounds for this Motion, Plaintiff states as follows:

In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. In evaluating a settlement, the Eleventh Circuit, in an unpublished opinion, has held that the district Court must "review . . . the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of

interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).  However, a court in the Middle District of Florida has observed that "the FLSA does not require the Court to conduct an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents." *Hosier v. Mattress Firm, Inc.*, 2012 U.S. Dist. LEXIS 94958 (M.D. Fla. June 8, 2012).  As articulated by another Court in the Southern District, the basis of the Court's authority for closely scrutinizing the amount of attorney's fees allocated by a settlement and/or by an attorney fee agreement is the FLSA's command that "court in such action shall, **in addition to any judgment** awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." *Kelly M. Smith v. Community Loans of America, Inc.*, Civil Action 12-00187-KD-B (doc. 31, dated January 9, 2013) at 12 (quoting 29 U.S.C. § 216(b)).

      The Plaintiff requests reimbursement for 120 hours, minus a reduction of over twenty hours which Counsel took in order to settle the case.  Plaintiff has supported this request by supplying the Court with detailed documentation of the hours for which he is seeking reimbursement, as well as a detailed breakdown of the number of hours spent on each aspect of the case, showing that those hours

were reasonably spent. (See Ex A, Goldfarb Affidavit).

Plaintiff also requests reimbursement for Federal Rule of Civil Procedure 54(d)(1) provides that "costs... shall be allowed as of course to the prevailing party unless the court otherwise directs." The Eleventh Circuit has specified that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988... [T] he standard of reasonableness is to be given a liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). The issue of which expenses are properly charged to a defendant must be settled on a case by case basis considering the nature and context of specific litigation. Id. At 1189. However, costs such as telephone, postage, travel, food, lodging, mileage, and duplication are liberally awarded by courts within the Eleventh Circuit. Id. at 1191. Plaintiff seeks reimbursement of total expenses of $2,958.88, as shown in Exhibit B, Itemization of Fees and Costs, see Exhibit A and B.

### V. CONCLUSION

For the reasons stated herein, Plaintiff requests that this Court approve his request for attorney fees and costs.

        Respectfully submitted,

        **/s/ Jon C. Goldfarb**
        Jon C. Goldfarb
        L. William Smith
        Christina M. Malmat
        Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the above and foregoing document has been properly served via the Court's CM/ECF system to the following counsel of record:

C. Peter Bolvig
Whitaker, Mudd, Luke & Wells, LLC.
2011 4th Avenue North
Birmingham, AL 35203

on this the 2nd day of July, 2019.

        /s/ Jon C. Goldfarb
        OF COUNSEL