FILED
2019 Jul-16 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RODERICK HOLT, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:17-cv-00683-JHE |
| JEFFERSON COUNTY COMMITTEE FOR ECONOMIC OPPORTUNITY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Roderick Holt ("Holt") and Defendant Jefferson County Committee for Economic Opportunity ("JCCEO") have jointly requested approval of their settlement agreement, (doc. 37-1), which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 33). For the reasons set forth below, the court approves the parties' settlement.

## I. Background Facts

On April 27, 2017, Holt filed this action, alleging he was deprived of overtime compensation in violation of the FLSA by JCCEO. (Doc. 1). Specifically, Holt claims he was misclassified as an exempt employee, and though he routinely worked between fifty and sixty hours per week, he was only paid for forty hours per week. (*See id.*). JCCEO answered the complaint on May 17, 2017. (Doc. 5). After the parties engaged in discovery, on March 29, 2018,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 8).

JCCEO filed a motion for summary judgment, (doc. 17), which Holt opposed, (doc. 21). The undersigned denied the motion for summary judgment on March 18, 2019, (doc. 29), and the parties subsequently settled the case at private mediation. On June 6, 2019, the parties moved for approval of their settlement agreement. (Doc. 33). The undersigned directed the parties to submit a copy of the agreement, (doc. 34), which they have now done, (docs 37 & 37-1). The undersigned has reviewed the agreement.

Under the agreement, JCCEO agrees to pay Holt and his counsel $75,000.00 (Doc. 37-1 at ¶ 1). This breaks down to $15,707.59 to Holt, designated as a compromise of his claimed overtime; $15,707.59 to Holt as liquidated damages; and $43,584.82 to counsel. (*Id.*). In their motion for settlement approval, the parties indicate Holt's portion of the settlement is based on 4.65 hours of overtime pay during each week of the liability period. (Doc. 33 at 5). The parties have stipulated the settlement is fair and reasonable. (*Id.* at 4-5). Holt's counsel has also filed a motion addressing his attorney's fees in greater detail. (Doc. 39).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA

2

claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The undersigned has reviewed the agreement and finds the parties' dispute is legitimate. Specifically, Holt alleges he worked a maximum of 9.29 of overtime hours per week, whereas Defendants argue Holt worked no overtime hours. (Doc. 33 at 3-4). The parties state there is "[n]o definitive documentation" to support or refute Holt's claims. (*Id.* at 4). The undersigned notes this case is past summary judgment, and the summary judgment evidence shows significant factual disputes remain as to (1) the number of overtime hours Holt allegedly worked and (2) whether Holt was an exempt employee under the FLSA (and thus entitled to no overtime compensation at all). The parties highlight the inherent risks of continued litigation, including (for Holt) the risk of no recovery at all or (for JCCEO) an adverse verdict. (*Id.*). In light of the legitimate dispute and the risks of proceeding to trial, the undersigned finds the compromise between the parties, which represents 4.65 overtime hours per week, is reasonable.

The undersigned cannot, however, approve one provision of the agreement. As part of Paragraph 4, entitled "Mutual Non-Disparagement and Non-Disclosure," the agreement contains the following confidentiality provision:

> Holt shall not disclose (and by signing below, we acknowledge that we have not disclosed) the terms, contents or execution of this Agreement, except to his spouse or his tax preparer, provided they agree not to disclose its terms, contents or execution to any other person or entity, absent prior written consent of Employer, or unless required by legal process. Management level employees of Employer shall not disclose the terms, contents or execution of this agreement except to accountants or tax preparers.

(Doc. 37-1 at 4). "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Hogan v. Allstate Beverage Co.*, 821 F.Supp.2d 1274, 1283 (M.D. Ala. 2011) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)). While an FLSA confidentiality provision is not *per se* unenforceable, a party seeking to include one must show compelling reasons why it should be upheld. *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1280 (N.D. Ala. 2014).

The undersigned held a telephone conference on July 1, 2019, to discuss this provision. JCCEO noted the confidentiality provision's language was supplied by Holt's counsel and pointed to *Crabtree v. Volkert, Inc.*, No. CIV.A. 11-0529-WS-B, 2013 WL 593500, (S.D. Ala. Feb. 14, 2013), as a case where a confidentiality provision was accepted under similar circumstances. But Holt's counsel (who had also represented the plaintiff in *Crabtree*) disputed that the cases were similar, pointing to the fact that the plaintiff in *Crabtree* was the driving force behind the confidentiality provision—and it was put "in place to benefit plaintiffs in their quest to remain gainfully employed," *id.* at *5—while Holt had only reluctantly agreed to the confidentiality

4

provision to speed up the resolution of this case. This runs counter to the logic of the court in *Crabtree*, which found the plaintiff's push for the confidentiality provision undermined "the rationale that confidentiality clauses are unfair 'side deals' benefiting the employer alone at employees' expense." *Id.* The undersigned cannot draw a similar conclusion in this case. Further, JCCEO's central argument for the provision, as stated at the telephone conference, is to avoid a situation where Holt damages JCCEO's reputation. But the agreement contains a mutual non-disparagement provision (i.e., the portion of Paragraph 4 not quoted above) that the undersigned finds to be permissible; that should alleviate JCCEO's concern. Finally, unlike *Crabtree*, the settlement agreement in this case itself is a matter of public record. The undersigned ordered the parties to submit a copy of the agreement, (*see* doc. 34), and the parties filed it without either party seeking to file the agreement under seal or submit it directly to chambers. Under these circumstances, there are no compelling reasons to include the confidentiality provision quoted above, and it will be stricken.

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). The parties did not directly state in their motion that Holt's attorney's fees were agreed upon separately from Holt's portion of the settlement. However, Holt's counsel described the process of negotiating the attorney's fee at the telephone conference, which supports that it was agreed upon separately. And Holt's motion for attorney's fees includes an affidavit

5

from Holt's attorney Jon C. Goldfarb, which states in relevant part that counsel "worked to secure an amount to satisfy Mr. Holt's Fair Labor Standards Act Claim including liquidated damages, at arms-length *before* and *apart from* seeking to cover the attorneys' fees, costs, or expenses in this case" and only attempted to cover attorneys' fees "[a]fter [counsel] had secured an amount for Mr. Holt . . . ." (Doc. 39-1 at 2-3) (emphasis in original). Since the fees were negotiated separately, the undersigned will approve them without separately considering their reasonableness.

### III. Conclusion

The court finds plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' motion for settlement approval, (doc. 33), is **GRANTED**, and the settlement is **APPROVED** with the exception of the confidentiality provision excerpted above, which is **STRICKEN**.[2]  A separate order will be entered.

DONE this 15th day of July, 2019.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[2] Since the motion for attorney's fees requests as relief approval of "the attorney fees agreed to in the Joint Motion for Approval of Settlement," (doc. 39 at 1), that motion is **DENIED AS MOOT**.